UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**IN RE LINDA SUE CATRON,**

Appellant.

Case No.: 15-cv-2926-YGR

**ORDER DENYING APPELLANT'S REQUEST FOR EXTENSION OF TIME AS MOOT; ORDER DIRECTING APPELLANT TO PERFECT RECORD AND SETTING BRIEFING SCHEDULE**

On July 21, 2015, appellant Linda Sue Catron filed a motion for extension of time to file her opening brief. (Dkt. No. 4.) Appellant contends that her opening brief was due on July 21, 2015, approximately twenty-eight following her notice of appeal in this Court. Appellant misconstrues the timing of her obligation to file an opening brief and otherwise neglects to meet her obligations to perfect the record below and pursue an appeal in this Court.

As advised in a notice from the Clerk of the Court, before briefing can commence, the parties must first perfect the record pursuant to Federal Rules of Bankruptcy Procedure ("FRBP") 8006 and 8007. (Dkt. No. 2.) Further, pursuant to FRBP 8009(a)(4), the record on appeal *must* include "any opinion, findings of fact, and conclusions of law relating to the issues on appeal, including transcripts of all oral rulings," in addition to any transcripts appellant orders from the reporter. FRBP 8009(b)(1) requires appellant to order from the reporter "a transcript of such parts of the proceedings not already on file as the appellant considers necessary for the appeal, and file a copy of the order with the bankruptcy clerk." The Bankruptcy Local Rules of this Court further require that the "record on appeal shall include a transcript of the hearing or a summary thereof agreed upon by all parties." B.L.R. 8007-1(a). The record here does not meet these requirements, and appellant has therefore not yet perfected the record on appeal.

Appellant's obligation to file an opening brief flows from this Court receiving a perfected record on appeal. Accordingly, appellant's opening brief is not yet due and her motion for extension of time to file her opening brief is **DENIED AS MOOT**.

Within twenty (20) days of the date of this Order, appellant shall comply with her obligations outlined above so that the record before this Court is compliant therewith. Once the Bankruptcy Court has transmitted the perfected record, appellant shall file and serve her opening brief not exceeding twenty-five (25) pages in length within twenty-eight (28) days thereafter.

Appellant is reminded that FRBP 8014(a) dictates what must be included in appellant's brief. "The appellant's brief must contain the following under appropriate headings and in the order indicated:

> (1) a corporate disclosure statement, if required by Rule 8012;
> (2) a table of contents, with page references;
> (3) a table of authorities--cases (alphabetically arranged), statutes, and other authorities--with references to the pages of the brief where they are cited;
> (4) a jurisdictional statement, including:
>> (A) the basis for the bankruptcy court's subject-matter jurisdiction, with citations to applicable statutory provisions and stating relevant facts establishing jurisdiction;
>> (B) the basis for the district court's or BAP's jurisdiction, with citations to applicable statutory provisions and stating relevant facts establishing jurisdiction;
>> (C) the filing dates establishing the timeliness of the appeal; and
>> (D) an assertion that the appeal is from a final judgment, order, or decree, or information establishing the district court's or BAP's jurisdiction on another basis;
>
> (5) a statement of the issues presented and, for each one, a concise statement of the applicable standard of appellate review;
> (6) a concise statement of the case setting out the facts relevant to the issues submitted for review, describing the relevant procedural history, and identifying the rulings presented for review, with appropriate references to the record;
> (7) a summary of the argument, which must contain a succinct, clear, and accurate statement of the arguments made in the body of the brief, and which must not merely repeat the argument headings;
> (8) the argument, which must contain the appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies;
> (9) a short conclusion stating the precise relief sought; and

(10) the certificate of compliance, if required by Rule 8015(a)(7) or (b).

Fed. R. Bankr. P. 8014(a).

In light of her pro se status, appellant may wish to seek assistance from the Legal Help Center, a free service of the Volunteer Legal Services Program, by calling 415.782.9000 x8657 or signing up for an appointment on the 15th Floor of the Courthouse, Room 2796. At the Legal Help Center, Plaintiff may speak with an attorney who may be able to provide basic legal help, but not legal representation. The Court also urges appellant to obtain a copy of the Pro Se Handbook, available free of charge from the Court's website (www.cand.uscourts.gov) or in the Clerk's Office on the 4th Floor of the United States District Court for the Northern District of California, Ronald V. Dellums Federal Building, Oakland, CA.

**IT IS SO ORDERED.**

This Order terminates Docket Number 4.

Dated: July 24, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**